IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA ANANG     *

v.     *    Civil No. JKS–12-3431

CAROLYN W. COLVIN,     *
Commissioner of Social Security
    *

## MEMORANDUM OPINION

Plaintiff Patricia Anang brought this action pursuant to 42 U.S.C. § 405(g) for review of a final administrative decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. §§ 401–433 (the Act). Both parties' motions for summary judgment and Anang's alternative motion for remand (ECF Nos. 12 and 16) are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Anang's motions for summary judgment and remand will be denied and the Commissioner's motion for summary judgment will be granted.

**I.     Background.**

Anang applied for DIB on February 5, 2009, alleging onset of disability on March 25, 2008. Her application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing at which Anang was represented by counsel. On January 27, 2011, the ALJ found that Anang was not disabled within the meaning of the Act, and on September 21, 2012, the Appeals Council denied her request for review. (R. 1-3). Thus, the ALJ's determination became the Commissioner's final decision.

## II. ALJ's Decision.

The ALJ evaluated Anang's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Anang has not engaged in substantial gainful activity since her onset date. (R. 14). At step two, the ALJ concluded that Anang suffers from the following severe impairments: diabetes mellitus, left foot pain secondary to left ankle injury, and obesity. *Id.* At step three, the ALJ determined that Anang does not have an impairment or combination of impairments that meet or medically equal any of the listed impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15). Further, the ALJ found that Anang has the Residual Functional Capacity (RFC) to perform a limited range of sedentary work (R. 16). At step four, the ALJ found that Anang was unable to perform any past relevant work. (R. 19). At step five, the ALJ found, based on testimony from a vocational expert (VE), that jobs exist in significant numbers in the national economy that Anang can perform. (R. 20). As a result, the ALJ determined that Anang was not disabled within the meaning of the Act. (R. 21).

## III. Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d

1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision when it is supported by substantial evidence. *Id.*

## IV. Discussion.

Anang alleges that the ALJ erroneously assessed her RFC and accordingly erroneously relied on the VE's testimony. The RFC is the most work an individual can do, despite her limitations, for eight hours a day, five days a week. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1); SSR 96–8p, 1996 WL 374184, at *2 (July 2, 1996). An RFC assessment must include a function-by-function analysis of the claimant's functional limitations and ability to do work-related activities. SSR 96–8p, at *3. However, SSR 96-8p does not require ALJs to produce a detailed statement in writing. *Davis v. Astrue*, Civ. No. JKS 9-2545, 2010 WL 5237850, at *5 (D. Md. Dec. 16, 2010). Rather, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, at *7; *see also Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003). The ALJ "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, at *7; *see also Taylor v. Astrue*, Civ. No. BPG-11-0032, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012) (explaining that an RFC assessment is sufficient if it includes "a narrative discussion of [the] claimant's symptoms and medical source opinions").

Anang contends that the ALJ failed to address her need to use a hand-held assistive device for standing and walking. It is claimed that this failure is significant because, given her

3

required sit-stand option every 15 minutes, her ability to perform occupations requiring bilateral manual dexterity would be significantly impaired.

The Commissioner responds that the record lacks the required medical documentation of Anang's need for a hand-held assistive device. The evidence shows that Anang sustained a contusion of her left ankle on March 25, 2008, her alleged onset date. (R. 278-79). Subsequent orthopedic treatment from March through June, 2008, confirmed that initial diagnosis and indicated that, although no swelling or discoloration was observed, Anang continued to report foot pain and was reporting some improvement by May 22, 2008. (R. 402-08). Anang underwent physical therapy, and was given a cast shoe and crutches, which she only used for a "couple of days." (R. 319). On September 9, 2008, the therapist reported that Anang's gait was asymmetric and issued her a cane, (R. 318-19), and on August 11, 2009, the consultative examiner reported that Anang requires an ambulatory aid. (R. 387-88). The ALJ misread this report, stating that the consultative examiner found that Anang's gait and motion were significantly affected but she did not require an ambulatory aid. (R. 19).

The Commissioner notes that Anang was reported to have a normal gait on June 25, 2008 (R. 348), July 30, 2008 (R. 341), September 2, 2008 (R. 339), and November 3, 2008 (R. 337), and that MRI and nerve conduction studies during that same time period showed no abnormality and only mild neuropathy. (R. 226, 229, 297, 338, 343, and 348). Although these reports predate the consultative examination, Anang herself reported on July 21, 2009, that she needs the cane only when she feels unstable, shaky, or uneasy, (R. 203), and on August 12, 2009, she reported that she takes short walks, does not use any assistive device, and is able to walk unaided, (R. 399), and she testified before the ALJ that she uses the cane for balance. (R. 36).

4

The ALJ must base the RFC assessment on "all of the relevant evidence in [the] case record." 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1). Under the regulations, medical evidence is not the only evidence the ALJ must consider; rather, he must view all "relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3); *see also* SSR 96-5P, at *5 (requiring an ALJ to consider both medical evidence and relevant nonmedical evidence such as the individual's own assessment of capabilities).

A finding that a hand-held assistive device is medically required must be supported by medical documentation showing that it is needed to aid in walking or standing and describing the circumstances under which it is needed. Also pertinent to the effect of the device on the claimant's ability to work is whether it is needed due to an impairment that affects only one lower extremity or both of them. SSR 96-9p, 1996 WL 374185 at *7. Here, neither the consultative examiner nor the therapist describes the circumstances under which Anang needs a cane, her own reports indicate that the need is occasional at best, and only one of her lower extremities is impaired. Thus, there was insufficient evidence that a hand-held assistive device was medically required. In addition, the RFC was properly based on substantial medical and relevant nonmedical evidence, which indicated that Anang's foot pain was subjective in nature and unsupported by objective findings. Indeed, the objective findings indicated no, or only mild, abnormalities. (R. 17). Under these circumstances, the erroneous reading of the consultative report, which itself was inadequate evidence of the need for a cane, is harmless. *See Catterton v. Comm'r. Soc. Sec. Admin.*, SAG 11-1056, 2013 WL 2470082, at *2 (D. Md. 2013).[1]

---

[1] The related contention that the ALJ failed to explain his rejection of the evidence from the therapist and the consultative examiner also is harmless.

Anang also contends that the ALJ erroneously failed to consider her bilateral hand impairment. Anang testified that her hands and fingers sometimes get numb and shake and that she has difficulty buttoning clothing. (R. 40, 43). The consultative examiner noted significantly diminished pinprick in Anang's bilateral hands. (R. 387). Again, however, this evidence is inadequate to support, much less require, a finding that Anang has a bilateral hand impairment.

Anang's related contention that the ALJ erroneously relied on the VE's testimony due to the alleged errors in the RFC fails because the RFC was not erroneous.

## V. Conclusion.

For the foregoing reasons, Anang's motions for summary judgment and remand will be denied and the Commissioner's motion for summary judgment will be granted. A separate Order will be entered.

Date:   February 11, 2014                                    /S/                    
                                                                              JILLYN K. SCHULZE
                                                                United States Magistrate Judge